## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                            **CRIMINAL NO. 2:23-cr-00046**

**TIMOTHY DUNCAN**

### SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America, by Francesca C. Rollo, Assistant United States Attorney for the Southern District of West Virginia, and hereby files a sentencing memorandum in support of a sentence of imprisonment within the guideline range in the above-captioned matter.

The PSR sets forth Defendant's total offense level as 24 and he falls within criminal history Category I, which results in an advisory guideline range of 51 months to 63 months. For the reasons set forth herein, the United States respectfully requests that the Court sentence Defendant to a period of imprisonment within the guideline range to be followed by 20 years of supervised release. Such a sentence properly reflects the factors referenced in 18 U.S.C. § 3553(a), in that it will protect the public from Defendant, reflect the serious nature of the offense, and deter others who would follow Defendant's example.

**I.   Background**

In August 15, 2022, Facebook submitted a Cybertip to the National Center for Missing and Exploited Children ("NCMEC") that "timothy.duncan.353" uploaded a file identified as apparent child pornography. The Facebook account associated with "timothy.duncan.353" belonged to Defendant. The file uploaded by Defendant was an eight-minute-long video containing multiple videos of prepubescent females preforming oral sex on adult males. Investigators traced the account and associated IP address to Defendant's address. On October 24, 2022, a federal search warrant was executed at the residence. Defendant was present and was questioned by law enforcement.

A search of Defendant's cellular telephone seized revealed 18 videos and 13 images of prepubescent child sexual abuse material. A search of Defendant's email account revealed 10 videos of prepubescent child sexual abuse material, one being a compilation of 69 individual videos. In one of these videos, a prepubescent child was being vaginally penetrated by an adult male.

**II.  Sentencing Factors**

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States respectfully requests the Court consider the following in this matter:

A. **Nature and Circumstances of the Offense.**

The offense of conviction and the totality of Defendant's conduct provides for a guideline sentence. Defendant stands convicted of possession of prepubescent child pornography, and his devices revealed 28 videos and 13 images.[1] When adjusted for the number of videos, this results in over 2,113 images. Defendant's collection included 14 series of known child pornography.

B. **Need for the Sentence to Reflect the Serious Nature of the Offense, Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence, and to Protect the Public.**

The serious nature of Defendant's offense and the need for just punishment warrants a sentence within the guideline range. Defendant's conduct in collecting, viewing, and uploading child pornography was purposeful and deliberate. Each time an offender views the images of a child's sexual abuse, it continues the humiliation and reignites the victim's pain and suffering. Because the image trade continues, the victim never has the opportunity for healing or any sort of closure. Thus, a sentence within the guideline range is warranted to reflect the ongoing victimization

---

[1] While Defendant correctly notes that some of the counted images are duplicates, "any image without regard to its originality should be counted when applying [U.S.S.G. §2G2.2(b)(7)] so long as that image depicts child pornography and is relevant to the underlying conviction." *United States v. Price*, 711 F.3d 455 (4th Cir. 2013). Here, all of the images and videos counted meet the definition of child pornography prescribed in 18 U.S.C. § 2256(8). They are relevant to the underlying conviction inasmuch as they were all discovered on the same devices during the same forensic evaluation.

of the children in the possessed images, to provide just punishment, and to deter Defendant and others who might otherwise engage in this behavior.

### III. Victim Impact and Restitution

Defendant collected the images of 14 identifiable victims. Victim impact statements for 3 of the identifiable victims have been submitted for the Court's consideration. The victim in the CBGirl series articulates "these strangers may not have physically touched me, but I feel the same exact abuse happen to me every time I see their names." She explains that it makes her physically sick to know that her abuse will live on forever on the internet.

"Violet's" mother authored the statement on her daughter's behalf. She accurately notes that "thousands upon thousands of people, all over the world have access to images of our little girl during her darkest days, to do so as they wish with those images." She states her "daughter will always be a victim each time another monster 'enjoys' her videos."

The victim in the AprilBlonde series states her ongoing trauma quite clearly: "I have to suffer twice; the first time was being abused and the second time is the ongoing anxiety due to the images of my abuse forever accessible." She describes her fear that the images of her abuse will outlive her on the internet, and the

isolation she suffers because she cannot confide in family and close friends due to fear that they might find the images. It is the United States' understanding that this victim has requested restitution and that the matter has been resolved.

### IV. Conclusion

Defendant's conduct shows a fixation on the sexual exploitation and degradation of children. The United States believes that a period of imprisonment within the guideline range to be followed by 20 years of supervised is appropriate. The United States anticipates that approximately 30 minutes will be required for the sentencing hearing.

                                        Respectfully submitted,

                                        WILLIAM S. THOMPSON
                                        United States Attorney

                  By:
                            <u>/s/ Francesca C. Rollo</u>
                            Francesca C. Rollo
                            Assistant United States Attorney
                            WV Bar No. 13856
                            300 Virginia Street, East
                            Room 4000
                            Charleston, WV 25301
                            Telephone: 304-345-2200
                            Fax: 304-347-5104
                            Email: Francesca.rollo@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 9th day of November, 2023 to:

>David Bungard, AFPD
>Federal Public Defender's Office
>300 Virginia Street, East, Room 3400
>Charleston, West Virginia 25301
>Email: David_Bungard@fd.org

>/s/ Francesca C. Rollo
>Francesca C. Rollo
>Assistant United States Attorney
>WV Bar No. 13856
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: Francesca.rollo@usdoj.gov